IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAN ABUHAMDEH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CLUB ONE, LLC,<br><br>    Defendant.<br>                                  / | No. C 14-00415 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

       In January 2014, plaintiff filed a putative collective and class action complaint against defendant Club One, LLC, alleging eight wage-and-hour claims. (Club One, Inc. was not a named defendant.) In April 2014, default was entered against Club One, LLC (Dkt. No. 14).

       In May 2014, plaintiff appeared for a case management conference. The deadline to file a first amended complaint was set for May 8. No first amended complaint was timely filed (Dkt. No. 17). Club One, Inc. then filed a voluntary petition under Chapter 7. *In re Club One, Inc.*, No. 14-bk-30802 (N.D. Cal. Bankr. May 27, 2014) (Judge Hannah Blumenstiel). Plaintiff's counsel here subsequently urged a stay in light of the bankruptcy petition (Dkt. No. 20).

       In July 2014, neither side appeared for a noticed case management conference (Dkt. No. 21). Following an order to show cause, plaintiff's counsel reversed course and stated that the matter should proceed without a stay because Club One, LLC is not a debtor in bankruptcy. According to plaintiff's counsel (Roy Decl. ¶ 4):

> I have been informed that [defendant] Club One, LLC, is a wholly owned subsidiary of [third party] Club One, Inc., and that it has no assets of its own. Specifically, I was informed that the entirety of the consideration for the sale of the Club One assets to [third party] Active Sports Clubs, LLC, was conveyed to Club One, Inc., not to Club One, LLC . . . . My firm has also been in communication with counsel in another putative and earlier-filed class action against Club One in hopes of sharing information in order to achieve some recovery for former employees.

No information was provided about the "earlier-filed class action." Plaintiff, however, moved for leave to file a first amended complaint (Dkt. No. 22). The proposed first amended complaint (1) added a second plaintiff, Dirul-Islam Muhammad, (2) added a second defendant, Active Sports Clubs, LLC, and (3) added a ninth claim under the California Private Attorney General Act ("PAGA"). Plaintiff's motion, however, did not candidly disclose that it's proposed first amended complaint added a PAGA claim. (No redline was provided.) Plaintiff only disclosed adding a new plaintiff and defendant.

This order finds that no good cause has been shown for plaintiff's delay in filing the proposed first amended complaint two months after the deadline. It is now too late to add new parties and new claims to an action begun in January 2014. The tardy motion for leave to file a first amended complaint is **DENIED WITHOUT PREJUDICE**, to Dirul-Islam Muhammad filing a new lawsuit. In terms of this lawsuit, the following schedule is hereby ordered:

1. Any motion for default judgment must be filed by **JULY 17, 2014 AT NOON**, to be noticed on a 35-day track. The motion should address why an automatic stay should not apply. A copy of the motion must be mailed to the defendant.

2. By **JULY 17, 2014 AT NOON**, plaintiff shall file a brief statement identifying the case name, case number, court, parties, counsel of record, judge, and procedural history of the "earlier-filed class action." Please state whether any classes have been certified (and which classes). A copy of the complaint should be appended to the submission.

3. The motion for FLSA collective action and FRCP 23 class certification must be filed by **OCTOBER 1, 2014**, to be heard on a 45-day track. The motion should address why a default class action should be allowed to go forward.

4. The non-expert discovery cut-off date shall be **NOVEMBER 3, 2014**.

5. Plaintiff shall promptly mail a copy of this order to defendant as a courtesy.

**IT IS SO ORDERED.**

Dated: July 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE